FILED BY al D.C.
Oct 15, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20441-BECERRA/TORRES
18 U.S.C. § 1201(c)
18 U.S.C. § 1201(a)(1)
18 U.S.C. § 981(a)(1)(C)

**UNITED STATES OF AMERICA**

**vs.**

**RENE QUINTANA and**
**YANSEL HERNANDEZ,**

**Defendants.**
_____________________________________/

# INDICTMENT

The Grand Jury charges that:

## COUNT 1
**Conspiracy to Kidnap**
**(18 U.S.C. § 1201(c))**

Beginning on or about June 30, 2026, through on or about October 2, 2026, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RENE QUINTANA**
**and**
**YANSEL HERNANDEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury to willfully and unlawfully seize, confine, inveigle, kidnap, abduct, and carry away, and hold any person, that is, "Victim 1," for ransom and reward, and to use any means, facility, and instrumentality of interstate and foreign commerce, that is, cellular telephones, in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Section 1201(a)(1).

## OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by seizing, confining, inveigling, kidnapping, abducting, carrying away, and holding Victim 1 for ransom.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish its purpose, at least one of the defendants committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

1. On or about June 30, 2026, **RENE QUINTANA** and **YANSEL HERNANDEZ** caused a cellular telephone to be purchased at a store in Hialeah, Florida.

2. On or about July 1, 2026, **RENE QUINTANA** and **YANSEL HERNANDEZ** caused a cellular telephone to be purchased at a store in Hialeah, Florida.

3. On or about September 29, 2026, at approximately 7:26 p.m., **RENE QUINTANA** and **YANSEL HERNANDEZ** caused a cellular telephone to be used to call the Victim's son and make a ransom demand for the release of the Victim.

4. On or about September 29, 2026, at approximately 7:34 p.m., **RENE QUINTANA** and **YANSEL HERNANDEZ** caused a cellular telephone to be used to send a text message to the Victim's son and make a ransom demand for the release of the Victim.

5. On or about September 29, 2026, at approximately 8:18 p.m., **RENE QUINTANA** and **YANSEL HERNANDEZ** caused a cellular telephone to be used to send a text message to the Victim's son and make a ransom demand for the release of the Victim.

6. On or about October 1, 2026, at approximately 3:30 p.m., **RENE QUINTANA** and **YANSEL HERNANDEZ** caused a cellular telephone to be used to send a text message to the

Victim's son and make a ransom demand for the release of the Victim.

All in violation of Title 18, United States Code, Section 1201(c).

**COUNT 2**
**Kidnapping**
**(18 U.S.C. § 1201(a)(1))**

Beginning on or about September 29, 2026, through on or about October 2, 2026, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**RENE QUINTANA**
**and**
**YANSEL HERNANDEZ,**

did willfully and unlawfully seize, confine, inveigle, kidnap, abduct, and carry away, and hold any person, that is, "Victim 1," for ransom and reward, and use any means, facility, and instrumentality of interstate and foreign commerce, that is, cellular telephones, in committing and in furtherance of the commission of the offense, in violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **RENE QUINTANA** and **YANSEL HERNANDEZ**, have an interest.

2. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Section 1201, as alleged in this Indictment, the defendants shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BRIANNA COAKLEY
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**v.**

**RENE QUINTANA, and**
**YANSEL HERNANDEZ**

**Defendants.** /

**CASE NO.: 26-CR-20441-BECERRA/TORRES**

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 8 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | | (Check only one) |
|---|---|---|---|
| I | ☐ | 0 to 5 days | ☐ Petty |
| II | ☑ | 6 to 10 days | ☐ Minor |
| III | ☐ | 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ | 21 to 60 days | ☐ Felony |
| V | ☐ | 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ______________ Case No. ______________
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Yeney Hernandez Magistrate Case No. 26-mj-3800-Hernandez
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ______________ Case No. ______________
9. Defendant(s) in federal custody as of October 5, 2026
10. Defendant(s) in state custody as of ______________
11. Rule 20 from the __________ District of ______________
12. Is this a potential death penalty case? (Yes or No) No
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: ______________________
Brianna Coakley
Assistant United States Attorney
Florida Bar No.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** RENE QUINTANA

**Case No:** **26-CR-20441-BECERRA/TORRES**

Count #: 1

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 2

Kidnapping

Title 18, United States Code, Section 1201(a)(1)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: YANSEL HERNANDEZ

**Case No**: **26-CR-20441-BECERRA/TORRES**

Count #: 1

Conspiracy to Kidnap

Title 18, United States Code, Section 1201(c)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

Count #: 2

Kidnapping

Title 18, United States Code, Section 1201(a)(1)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 5 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**